UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN L. KIRKLAND and THE KIRKLAND ORGANIZATION, INC.,<br><br>Defendants | Civil Action File No.<br><br>1:13-CV-3150-MHC |

## ORDER OF PERMANENT INJUNCTION
## AS TO DEFENDANT STEPHEN L. KIRKLAND AND OTHER RELIEF

The Securities and Exchange Commission having filed a Complaint and Defendant Stephen L. Kirkland ("Kirkland") having entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Order of Permanent Injunction without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Order of Permanent Injunction:

1

I.

IT IS HEREBY ORDERED that Defendant Kirkland and his agents, servants, employees, attorneys and those persons in active concert or participation with them who receive actual notice of this Order of Permanent Injunction by personal service or otherwise, be, and they hereby are, permanently restrained from, directly or indirectly, in connection with the purchase or sale of securities, by use of any means or instrumentalities of interstate commerce or any means or instruments of transportation or communication in interstate commerce, or by the mails or any facility of any national securities exchange, be, and they hereby are, restrained from, directly or indirectly:

(1) employing any device, scheme or artifice to defraud;

(2) making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(3) engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit on any person, in violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)], and Rule 10b-5 [17 C.F.R. § 240.10b-5], thereunder, by directly or indirectly, (1) creating a false appearance or otherwise deceiving any person or (ii) disseminating false or misleading documents, materials,

or information or making either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

(A)   the use of investor funds;

(B)   the risk of the investment; and

(C)   the existence and/or nature of any profit-generating enterprise.

Further, as the person who, directly or indirectly, controlled the entity defendant The Kirkland Organization, Inc. ("TKO") during the relevant period, Kirkland is also enjoined as a control person of that entity from directly or indirectly inducing the act or acts which constituted violations of TKO of the antifraud provisions of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5(b) thereunder [17 C.F.R. § 240.10b-5] by knowingly, intentionally, and/or recklessly making untrue statements of material facts and omitting to state material facts, such as those enumerated in A-C above.

## II.

IT IS FURTHER ORDERED that defendant Kirkland and his agents, servants, employees, attorneys and those persons in active concert or participation with them who receive actual notice of this Order of Permanent Injunction by personal service or otherwise hereby are permanently enjoined and restrained from, directly or indirectly:

(1) employing devices, schemes, or artifices to defraud clients or prospective clients; or

(2) engaging in transactions, practices, or courses of business which operated as a fraud or deceit upon clients or prospective clients;

in violation of Sections 206(1) and (2) of the Investment Advisers Act of 1940 [15 U.S.C. § 80b-6(1) and (2)], by making false statements to investors or others about investments or investment proceeds, by taking clients' investment proceeds into Defendant Kirkland's custody, or otherwise converting the investment proceeds of clients to Kirkland's personal benefit.

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that disgorgement and prejudgment interest thereon against defendant Kirkland is legally appropriate, to the extent it could be shown that he profited from the fraud outlined in the Commission's complaint. However, as the Commission has no evidence that Kirkland profited from the fraud, disgorgement is not ordered against him, and prejudgment interest is therefore moot.

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Kirkland shall pay a civil penalty pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and Sections 209(d) and

209(e) of the Advisers Act [15 U.S.C. §§ 80b-9]. The Court shall determine the amounts of the civil penalty upon motion of the Commission at a later date. In connection with the Commission's motion for a civil penalty, and at any hearing held on such a motion: (a) Defendant Kirkland will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant Kirkland may not challenge the validity of the Consent or this Order of Permanent Injunction; but may challenge the appropriateness of the amount of the civil penalty to be ordered; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition testimony or sworn investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for a civil penalty, the parties may take discovery, including discovery from appropriate non-parties.

V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent of Defendant Kirkland is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant Kirkland shall comply with all of the undertakings and agreements set forth therein.

5

## VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Order of Permanent Injunction.

Dated: April 15, 2015

_____
Mark H. Cohen, Judge
United States District Court

6