**EXHIBIT D**

RECEIVED AND FILED
CLERK'S OFFICE USDC PR

2021 MAR 22 PM12:03

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>[1] EUGENIO GARCIA JIMENEZ aka Gino;<br>(Counts 1 through 23)<br>[2] STEPHEN KIRKLAND aka Steve;<br>(Counts 1, 4, 12-13, 15, 24-27)<br>[3] STEVE MINGER aka Steven John Moore;<br>(Counts 1, 4-17, 25, 28)<br>[4] ALEJANDRO RIERA FERNANDEZ;<br>(Counts 1, 6, 16, 29)<br>[5] JOSEPH KIRKLAND;<br>(Counts 1, 10)<br>[6] ARNALDO J. IRIZARRY IRIZARRY;<br>(Counts 1, 7, 17, 30)<br>[7] ROBERTO MEJILL TELLADO;<br>(Counts 1, 5-7, 16-17, 31-33)<br><br>Defendants. | INDICTMENT<br><br>CRIMINAL No. 21- 082 (ADC)<br><br>Violations:<br><br>(COUNT ONE)<br>Title 18, United States Code, §§ 1349 and 1343<br><br>(COUNTS TWO to EIGHTEEN)<br>Title 18, United States Code, §§ 1343 and 2<br><br>(COUNTS NINETEEN TO THIRTY-THREE)<br>Title 18, United States Code, §§ 1957 and 2<br><br>Forfeiture Allegation<br>Title 18, United States Code, §§ 981, 982; Title 21, United States Code, § 853; Title 28, United States Code, § 2461; and Rule 32.2(a) F.R.C.P.<br><br>(THIRTY-THREE COUNTS) |

THE GRAND JURY CHARGES:

### COUNT ONE
(Conspiracy to Commit Wire Fraud)
Title 18, United States Code, Sections 1349 and 1343

#### SYNOPSIS

1.     From on or about March 2016 to on about June 2018, defendants [1] EUGENIO GARCIA JIMENEZ aka Gino; [2] STEPHEN KIRKLAND aka Steve; [3] STEVE MINGER; [4] ALEJANDRO RIERA FERNANDEZ; [5] JOSEPH KIRKLAND; [6] ARNALDO J. IRIZARRY IRIZARRY; and [7] ROBERTO MEJILL TELLADO

orchestrated a scheme to defraud the Municipality of Mayaguez (hereinafter "Mayaguez") and Mayaguez Economic Development, Inc. (hereinafter "MEDI") of monies belonging to Mayaguez, by falsely representing that the totality of $9,000,000.00 in principal belonging to Mayaguez and entrusted to MEDI for investment was in fact invested and yielding a significant rate of return. All the while these material false representations were made to Mayaguez and MEDI, defendants transferred, distributed, and spent the money in ways inconsistent with the representations made to Mayaguez and MEDI about the investment of the money. Using multiple shell corporate entities and financial accounts, defendants collectively received hundreds of thousands of dollars belonging to Mayaguez, intended for investment, which defendants then used for personal expenses and purchases of personal and real property. The use of shell corporate entities further served to conceal the scheme to defraud Mayaguez and MEDI and allow defendants to lull Mayaguez and MEDI into believing that the $9,000,000.00 was invested as falsely represented by defendants. Of the $9,000,000 obtained from Mayaguez through material misrepresentations, the defendants only returned $1,800,000 to Mayaguez and in doing so, falsely represented that the $1,800,000.00 was a return on investment.

## BACKGROUND ON MEDI

2. Mayaguez, through its municipal legislature, authorized the creation of MEDI as a for-profit public corporation, legally independent from the Municipal Government of Mayaguez, as allowed under Law 81-1991, Autonomous Municipalities Law of Puerto Rico, Article 2.004, 21 L.P.R.A. § 4054. MEDI was registered on April 11, 2014, with the Puerto Rico State Department as a domestic for-profit municipal business with a purpose of conducting any licit business permitted by the law in Puerto Rico.

Page 2 of 24

3. Given that MEDI is not a government entity, it is not subject to audit by the Puerto Rico Office of the Comptroller.

4. MEDI's Board of Directors included five members: the Mayor of Mayaguez as president of the board, the Mayaguez Finance Director, and three other municipal employees named and designated by the Mayor.

5. MEDI's stated objectives were to promote the economic development of Mayaguez and the western region of Puerto Rico, create jobs, be involved in infrastructure projects, and improve the quality of life of the citizens, among others. The Municipal Legislature authorized Mayaguez to transfer its properties and assets as needed to make this possible.

## BACKGROUND ON $9,000,000.00

6. From on or about August 2014 and up and until January 2016, Mayaguez was assigned millions of dollars for renovations and improvements to the Mayaguez Trauma Center through a series of joint resolutions from the Puerto Rico Legislature. Of the money assigned, Mayaguez received approximately $8,761,839.00. That money, deposited into a bank account of Mayaguez, was the bulk of $9,000,000.00 transferred to MEDI for investment, as represented to Mayaguez and MEDI by defendant [1] EUGENIO GARCIA JIMENEZ.

## RELEVANT INDIVIDUALS, ENTITIES, AND BANK ACCOUNTS

7. At times relevant to this Indictment, defendant [1] EUGENIO GARCIA JIMENEZ was an advisor to Mayaguez and MEDI.

8.      At times relevant to this Indictment, defendant [2] STEPHEN KIRKLAND was the brother of [5] JOSEPH KIRKLAND and signer as President on a bank account belonging to M.A.G. Holdings Inc. (hereinafter "MAG")

9.      At times relevant to this Indictment, defendant [3] STEVE MINGER, representing himself to be an executive for several of the shell corporate entities used in the scheme to defraud Mayaguez and MEDI, opened multiple bank accounts which then received money from the $9,000,000.00 belonging to Mayaguez and allowed defendants to transfer, distribute and spend the money in ways inconsistent with the representations made to Mayaguez and MEDI about the investment of the money.

10.     At times relevant to this Indictment, defendant [4] ALEJANDRO RIERA FERNANDEZ was MEDI's Executive Director.

11.     At times relevant to this Indictment, defendant [5] JOSEPH KIRKLAND was a financial advisor at Union Banc Investment Services (UBIS), where the first account used in the scheme to defraud was opened.

12.     At times relevant to this Indictment, defendant [6] ARNALDO J. IRIZARRY IRIZARRY was a contractor providing legal representation to Mayaguez.

13.     At times relevant to this Indictment, defendant [7] ROBERTO MEJILL TELLADO was a contractor providing consulting and financial services to Mayaguez.

14.     In addition to the roles above described, at times relevant to this Indictment, defendants executed the scheme to defraud by using existing corporate entities, as well as incorporating  and causing the incorporation of new corporate entities to be used, including but not limited to the following:

| Name of Entity | Date of Incorporation | Place of Incorporation | Individuals in Control |
|---|---|---|---|
| Mayaguez Economic Development - Financial Strategies Inc. (hereinafter "MEDFS") | December 26, 2014 | Puerto Rico | [1] EUGENIO GARCIA JIMENEZ |
| M.A.G. Holdings Inc. (hereinafter "MAG") | January 22, 2015 | Puerto Rico | [1] EUGENIO GARCIA JIMENEZ |
| Tega Holdings LLC (TEGA) | September 7, 2015 | Delaware | [1] EUGENIO GARCIA JIMENEZ; [7] ROBERTO MEJILL TELLADO |
| MEDI Management, Inc. | September 17, 2015 | Puerto Rico | [1] EUGENIO GARCIA JIMENEZ |
| MEDI Films | December 30, 2015 | Puerto Rico | [1] EUGENIO GARCIA JIMENEZ |
| MEDI CIDREX | December 30, 2015 | Puerto Rico | [1] EUGENIO GARCIA JIMENEZ |
| MEDI SNIF | December 30, 2015 | Puerto Rico | [1] EUGENIO GARCIA JIMENEZ |
| U.A.-United Advisors Corporation | March 17, 2016 | Puerto Rico | [6] ARNALDO J. IRIZARRY IRIZARRY |
| Imanagement LLC | March 29, 2016 | Puerto Rico | [4] ALEJANDRO RIERA FERNANDEZ |
| Eugenio Garcia Jr. & Associates LLC | May 9, 2016 | Puerto Rico | [1] EUGENIO GARCIA JIMENEZ |
| Leyton Suisse Mayaguez Corp. (hereinafter "Leyton Suisse") | May 13, 2016 | Puerto Rico | [1] EUGENIO GARCIA JIMENEZ |
| MAG Film Studios, LLC; | October 17, 2016 | Puerto Rico | [1] EUGENIO GARCIA JIMENEZ |
| Premier Investment and Financial Services Group LLC (hereinafter "Premier") | November 1, 2016 | Puerto Rico | [1] EUGENIO GARCIA JIMENEZ; [7] ROBERTO MEJILL TELLADO |

15.    At times relevant to this Indictment, defendants executed the scheme to defraud by using existing corporate and personal bank accounts, as well as opening new corporate and personal banks accounts, that would allow for the $9,000,000.00 to be transferred, distributed, and spent by defendants in ways inconsistent with the representations made to Mayaguez and MEDI.  Relevant bank accounts include but are not limited to:

| Account Holder and Number | Opening Date | Financial Institution | Authorized Signers and Person Opening the Account |
|---|---|---|---|
| The initial wire transfers executed in furtherance of the scheme to defraud came from these two accounts. | | | |
| MEDI –ending in 2567 | March 29, 2016 | Union Banc Investment Services (hereinafter "UBIS"). | [1] EUGENIO GARCIA JIMENEZ |
| MEDFS – ending in 1083 | June 9, 2016 | LPL Financial | [1] EUGENIO GARCIA JIMENEZ |
| The $9,000,000.00 moved from the UBIS and LPL Financial accounts into the next four accounts. | | | |
| MAG – ending in 8221 | February 2015 | Banco Popular de Puerto Rico (hereinafter "BPPR") | [1] EUGENIO GARCIA JIMENEZ |
| TEGA – ending in 6938 | March 31, 2016 | Wells Fargo | [1] EUGENIO GARCIA JIMENEZ; [3] STEVE MINGER; [7] ROBERTO MEJILL TELLADO |
| MAG – ending in 6920 | March 31, 2016 | Wells Fargo | [1] EUGENIO GARCIA JIMENEZ; [2] STEPHEN KIRKLAND; [3] STEVE MINGER; |
| MEDFS – ending in 3735 | April 8, 2016 | Wells Fargo | [1] EUGENIO GARCIA JIMENEZ; [3] STEVE MINGER; |
| The money is then moved to and from multiple accounts, including the accounts itemized below, as defendants transferred, distributed, and spent the $9,000,000.00 belonging to Mayaguez and represented as still invested to Mayaguez and MEDI. | | | |
| [1] EUGENIO GARCIA JIMENEZ; ending in 2627 | July 17, 2014 | Banco Santander | [1] EUGENIO GARCIA JIMENEZ; |

Page **6** of **24**

**EXHIBIT D**

| Account Holder and Number | Opening Date | Financial Institution | Authorized Signers and Person Opening the Account |
|---|---|---|---|
| | | | |
| Atlanta Family Restaurant and Bakery's – ending in 1486 | September 2015 | Wells Fargo | [2] STEPHEN KIRKLAND |
| MAG – ending in 6896 | March 4, 2016 | Wells Fargo | [3] STEVE MINGER |
| TEGA – ending in 3593 | March 31, 2016 | Wells Fargo | [1] EUGENIO GARCIA JIMENEZ; [3] STEVE MINGER; [7] ROBERTO MEJILL TELLADO |
| Imanagement -ending in 3301 | March 31, 2016 | Banco Santander | [4] ALEJANDRO RIERA FERNANDEZ |
| U.A. United Advisors – ending in 5033 | April 1, 2016 | BPPR | [6] ARNALDO J. IRIZARRY IRIZARRY |
| [7] ROBERTO MEJILL TELLADO – ending in 1505 | April 2, 2016 | Wells Fargo | [7] ROBERTO MEJILL TELLADO; |
| [7] ROBERTO MEJILL TELLADO – ending in 5260 | April 2, 2016 | Wells Fargo | [7] ROBERTO MEJILL TELLADO; |
| [1] EUGENIO GARCIA JIMENEZ; Individual A – ending in 1497 | April 5. 2016 | Wells Fargo | [1] EUGENIO GARCIA JIMENEZ; Individual A |
| Eugenio Garcia Jr. and Associates LLC – ending in 2646 | May 17, 2016 | BPPR | [1] EUGENIO GARCIA JIMENEZ; Individual B |
| [1] EUGENIO GARCIA JIMENEZ; Individual A - ending in 5229 | May 19, 2016 | Wells Fargo | [1] EUGENIO GARCIA JIMENEZ; Individual A |
| Leyton Suisse Mayaguez Corp - ending 5882 | June 17, 2016 | Wells Fargo | [1] EUGENIO GARCIA JIMENEZ; [3] STEVE MINGER; |
| TEGA – ending in 9727 | November 30, 2016 | Home Banc, N.A | [7] ROBERTO MEJILL TELLADO; |
| Premier – ending in 7228 | December 1, 2016 | BPPR | [1] EUGENIO GARCIA JIMENEZ; [7] ROBERTO MEJILL TELLADO; |

| Account Holder and Number | Opening Date | Financial Institution | Authorized Signers and Person Opening the Account |
|---|---|---|---|
| | | | Individual D |
| [7] ROBERTO MEJILL TELLADO; - ending in 9834 | December 9, 2016 | Home Banc, N.A | [7] ROBERTO MEJILL TELLADO; |
| MEDFS- ending in 3950, and 8722 | December 14, 2016 | Bank of America (hereinafter "BOA") | [1] EUGENIO GARCIA JIMENEZ; [3] STEVE MINGER; |
| MAG – ending in 3963, 9899, and 9873 | December 14, 2016 | BOA | [1] EUGENIO GARCIA JIMENEZ; [3] STEVE MINGER; |
| [3] STEVE MINGER - ending in 6517 | December 14, 2016 | BOA | [3] STEVE MINGER; |
| MEDFS – ending in 8719 | December 30, 2016 | BOA | [1] EUGENIO GARCIA JIMENEZ; [3] STEVE MINGER; |
| [1] EUGENIO GARCIA JIMENEZ – ending in 1861 and 5796 | December 30, 2016 | BOA | [1] EUGENIO GARCIA JIMENEZ; |
| Eugenio Garcia Jr. and Associates LLC – ending in 2496 | January 25, 2017 | BPPR | [1] EUGENIO GARCIA JIMENEZ; Individual D |
| Venus Mini Med Spa LLC – ending in 4014 | February 22, 2017 | BOA | [3] STEVE MINGER; |

## THE SCHEME TO DEFRAUD

16.      Beginning at least as early as in or about March 2016 and continuing through on or about November 2017, in the District of Puerto Rico and elsewhere, defendants did knowingly and willfully execute and attempt to execute a scheme and artifice to defraud the Municipality of Mayaguez and MEDI of money and property and to obtain money and property from said entities by means of false and fraudulent pretenses, representations and promises.

Page **8** of **24**

MANNERS AND MEANS OF THE SCHEME TO DEFRAUD

The manners and means utilized to accomplish the scheme to defraud included, among others, the following:

17.     Defendant [1] EUGENIO GARCIA JIMENEZ conferred with and procured from [2] STEPHEN KIRKLAND and [5] JOSEPH KIRKLAND documents to be sent to Mayaguez to cause Mayaguez to believe that the $9,000,000.00 would be invested at a high rate of return (over 8%), when in fact immediately upon receipt of the monies at the UBIS Account defendant [1] EUGENIO GARCIA JIMENEZ caused the transfer of the monies in ways inconsistent with the representation to Mayaguez.

18.     Immediately upon opening the UBIS account, on March 31, 2016, defendant [5] JOSEPH KIRKLAND converted MEDI's investment account into a margin account, using the entire portfolio as collateral against future loans and purchased $8,999,276.72 in various US Treasury Securities, earning a blended interest rate of approximately 2%.

19.     From April 1, 2016 through April 20, 2016, defendants [1] EUGENIO GARCIA JIMENEZ and [5] JOSEPH KIRKLAND caused $4.1 million to be transferred out of the UBIS account in five (5) wire transfers, despite representing to UBIS that the account would be funded by an initial investment of nine-million dollars, with zero to five transactions expected per year.

20.     On June 9, 2016, MEDI's entire investment portfolio was transferred to LPL Financial, to be managed by Individual C, a financial advisor. MEDI's UBIS account was transferred in full, including the margin debt of $4.1 million, its accrued interest, and the investments in various US Treasury Securities, to MEDFS' LPL Financial Account ending in 1083.

21.     Defendant [1] EUGENIO GARCIA JIMENEZ would confer with and seek advice from [2] STEPHEN KIRKLAND in responding to inquiries from Individual C about the ownership of the monies placed at LPL Financial.

22.     Defendant [1] EUGENIO GARCIA JIMENEZ made several different representations to Individual C about the ownership of MEDI and MEDFS intending to conceal that the monies placed at LPL Financial belonged to Mayaguez.

23.     From June 21, 2016 through July 6, 2016, defendant [1] EUGENIO GARCIA JIMENEZ instructed Individual C to wire $3,150,000.00 in three (3) transactions, via margin borrowing power, to MEDFS's Wells Fargo Account ending in 3735.

24.     On September 23, 2016, Individual C sold all of the US Treasury Securities in the MEDFS account, totaling approximately $9,136,367.90.  This balance was used to pay off the margin loan debt and the associated interest at LPL Financial, leaving a total of $1,764,808.54. The remaining balance was sent to MEDFS' Wells Fargo Account ending in 3735 via check to the order of MEDFS dated September 29, 2016.

25.     The monies transferred out of UBIS Account ending in 2567 and LPL Financial Account ending in 1083 were transferred into MEDFS' Wells Fargo Account ending in 3735; TEGA's Wells Fargo Account ending in 6938; MAG's Wells Fargo Account 6920; and MAG's BPPR Account ending in 8221.

26.     From the four accounts mentioned above, the monies were transferred into and out of no less than twenty different bank accounts from which the monies were then distributed and used by defendants [1] EUGENIO GARCIA JIMENEZ; [2] STEPHEN KIRKLAND; [3] STEVE MINGER; [4] ALEJANDRO RIERA FERNANDEZ; [5] JOSEPH KIRKLAND; [6] ARNALDO J. IRIZARRY IRIZARRY; and [7] ROBERTO

Page 10 of 24

MEJILL TELLADO, in ways inconsistent with the false representation to MEDI and Mayaguez that the $9,000,000.00 was invested at a high rate of return.

27.     MEDFS' Wells Fargo Account ending in 3735 was used to transfer monies from the $9,000,000.00 belonging to Mayaguez in ways that depleted the funds, including but not limited to, payments directly to defendants, such as: $10,000.00 transferred to defendant [5] JOSEPH KIRKLAND on April 21, 2016 to his personal Heritage Oaks Bank Account ending at 8740; $500,000.00 transferred on April 17, 2016, to defendant [1] EUGENIO GARCIA JIMENEZ's Banco Santander Account ending in 2627; $100,000.00 transferred to [2] STEPHEN KIRKLAND on July 7, 2016, via Atlanta Family Restaurant and Bakery; and approximately $1,148,000.00 transferred to defendant [1] EUGENIO GARCIA JIMENEZ's Wells Fargo Account ending in 1497 between 2016 to 2017.

28.     In addition, MEDFS' Wells Fargo Account ending in 3735 was used to lull Mayaguez and MEDI into believing that the $9,000,000.00 was still invested and generating interest, through a transfer of $1,800,000.00 on June 24, 2016, to Mayaguez's Banco Santander Account ending in 7266, which was represented as return on investment, when it was in fact a partial return of Mayaguez's own principal of $9,000,000.00.

29.     TEGA Holdings LLC's Wells Fargo Account ending in 6938 was used to transfer monies from the $9,000,000.00 belonging to Mayaguez in ways that depleted the funds, including but not limited to, payments directly to defendants, such as: approximately $133,200.00 transferred and distributed to defendant [5] ALEJANDRO RIERA FERNANDEZ through Imanagement from on or about April to on or about December of 2016; approximately $126,100.00 transferred and distributed to defendant [6] ARNALDO J. IRIZARRY IRIZARRY through U.A. United Advisors Corp from on or about April 2016 to

on or about December of 2016; and approximately $444,000.00 transferred and distributed to defendant [7] ROBERTO MEJILL TELLADO from on or about April to on or about November of 2016; and approximately $401,500.00 transferred and distributed to defendant [1] EUGENIO GARCIA JIMENEZ from on or about April to on or about September of 2016.

30.     M.A.G. Holdings Inc.'s Wells Fargo Account ending in 6920 was used to transfer monies from the $9,000,000.00 belonging to Mayaguez in ways that depleted the funds, including but not limited to, payments directly to defendants, such as: at least $87,673.72 withdrawn by defendant [2] STEPHEN KIRKLAND from on or about April 2016 to on or about December 2016.

31.     Money from the $9,000,000.00, after being transferred through multiple accounts, would be spent by defendants on consumer goods and services, including but not limited to a marine vessel, jewelry, clothing, school tuition, restaurants, utilities, credit card payments, and home décor, as well as real estate improvements (pools, for example) and the payment of home mortgages.

32.     On September 28, 2016, defendant [1] EUGENIO GARCIA JIMENEZ had one of his employees, Individual D, send the Mayaguez Director of Finance an email with a false statement from Leyton Suiss dated August of 2016, and very similar to the statement issued by UBIS for Account ending 2567 during March of 2016. It represented to Mayaguez that the $9,000,000.00 transferred to MEDI in March 29, 2016, was still invested when it was not.

33.     On November 6, 2017, defendant [1] EUGENIO GARCIA JIMENEZ falsely and fraudulently represented to the Mayaguez Mayor that MEDI invested the $9,000,000.00

and obtained an 18% interest on it, and urged the Mayaguez Mayor to leave the investment for three (3) to five (5) years as it would generate $87,300.00 per month.

34.   In April 2018, defendant [1] EUGENIO GARCIA JIMENEZ falsely and fraudulently represented to MEDI and Mayaguez that the $9,000,000.00 remained intact ready to be reinvested and to generate interests.

## STATUTORY ALLEGATIONS

35.   From at least in or around March 2016 up to and including 2018, in the District of Puerto Rico and elsewhere, defendants [1] EUGENIO GARCIA JIMENEZ; [2] STEPHEN KIRKLAND aka Steve; [3] STEVE MINGER; [4] ALEJANDRO RIERA FERNANDEZ; [5] JOSEPH KIRKLAND; [6] ARNALDO J. IRIZARRY IRIZARRY; and [7] ROBERTO MEJILL TELLADO, and others known and unknown, willfully and knowingly, did combine, conspire, confederate, and agree together and with each other to commit wire fraud, in violation of Title 18, United States Code, Section 1343.

36.   It was a part and object of the conspiracy that defendants [1] EUGENIO GARCIA JIMENEZ; [2] STEPHEN KIRKLAND; [3] STEVE MINGER; [4] ALEJANDRO RIERA FERNANDEZ; [5] JOSEPH KIRKLAND; [6] ARNALDO J. IRIZARRY IRIZARRY; and [7] ROBERTO MEJILL TELLADO, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343, to wit,

Page **13** of **24**

defendants [1] EUGENIO GARCIA JIMENEZ; [2] STEPHEN KIRKLAND; [3] STEVE

MINGER; [4] ALEJANDRO RIERA FERNANDEZ; [5] JOSEPH KIRKLAND; [6]

ARNALDO J. IRIZARRY IRIZARRY; and [7] ROBERTO MEJILL TELLADO, and

others known and unknown, agreed to make and caused to be made materially false

statements to Mayaguez and MEDI, through electronic messages, asserting that the

$9,000,000.00 in principal was invested at a high rate of return and caused financial

transactions that depleted Mayaguez's $9,000,000.00 and converted funds to the defendants'

own personal use. All in violations of Title 18, United States Code, Section 1349.

## COUNTS TWO THROUGH EIGHTEEN
### (Wire Fraud)
### Title 18, United States Code, Section 1343

37.    The allegations contained in paragraphs 1 to 36 of this Indictment are

incorporated as if fully set forth herein.

38.    From at least in or around March 2016 up to and including 2018, in the

District of Puerto Rico and elsewhere, defendants [1] EUGENIO GARCIA JIMENEZ; [2]

STEPHEN KIRKLAND; [3] STEVE MINGER; [4] ALEJANDRO RIERA

FERNANDEZ; [5] JOSEPH KIRKLAND; [6] ARNALDO J. IRIZARRY IRIZARRY;

and [7] ROBERTO MEJILL TELLADO, and others known and unknown, willfully and

knowingly, having devised and intending to devise a scheme and artifice to defraud and for

obtaining money and property by means of materially false and fraudulent pretenses,

representations, and promises, would and did transmit and cause to be transmitted by means

of wire, radio, and television communication in interstate and foreign commerce, writings,

signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in

violation of Title 18, United States Code, Section 1343.

Page **14** of **24**

## EXECUTION OF THE SCHEME

39.     On or about each of the dates set forth below, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court, defendants for the purpose of executing the scheme described above, and attempting to do so, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

INTENTIONALLY BLANK

**EXHIBIT D**

| Count | Date | Description | Defendants |
|---|---|---|---|
| 2 | March 29, 2016 | Wire transfer of $9,000,000.00 from Banco Popular de Puerto Rico (BPPR) Joint Resolutions Account ending in 9398 to National Financial Services LLC Account ending in 6221 for final credit to UBIS Account ending in 2567 | [1] EUGENIO GARCIA JIMENEZ; |
| 3 | April 1, 2016 | Wire transfer of $450,000.00 from MEDI's UBIS account ending in 2567 to M.A.G. Holdings, Inc. BPPR Account ending in 8221 | [1] EUGENIO GARCIA JIMENEZ; |
| 4 | April 1, 2016 | Wire transfer of $250,000.00 from MEDI's UBIS account ending in 2567 to M.A.G. Holdings, Inc. Wells Fargo Account ending in 6920 | [1] EUGENIO GARCIA JIMENEZ ; [2] STEPHEN KIRKLAND; [3] STEVE MINGER; |
| 5 | April 4, 2016 | Wire transfer of $900,000.00 from MEDI's UBIS account ending in 2567 to TEGA Holdings Wells Fargo Account ending in 6938 | [1] EUGENIO GARCIA JIMENEZ; [3] STEVE MINGER; [7] ROBERTO MEJILL TELLADO |
| 6 | April 6, 2016 | Wire transfer of $90,000.00 from TEGA's Well Fargo Account ending in 6938 to Imanagement's Banco Santander Account ending in 3301 | [1] EUGENIO GARCIA JIMENEZ; [3] STEVE MINGER; [ [4] ALEJANDRO RIERA FERNANDEZ; 7] ROBERTO MEJILL TELLADO; |
| 7 | April 6, 2016 | Wire transfer of $90,000.00 from TEGA's Well Fargo Account ending in 6938 to U.A. United Advisors Corp at BPPR Account ending in 5033 | [1] EUGENIO GARCIA JIMENEZ; [3] STEVE MINGER; [6] ARNALDO J. IRIZARRY IRIZARRY; [7] ROBERTO MEJILL TELLADO; |
| 8 | April 12, 2016 | Wire transfer of $1,000,000.00 from MEDI's UBIS account ending in 2567 to MEDFS Wells Fargo Account ending in 3735 | [1] EUGENIO GARCIA JIMENEZ; [3] STEVE MINGER; |
| 9 | April 20, 2016 | Wire transfer of $1,500,000.00 from MEDI's UBIS account ending in 2567 to MEDFS Wells Fargo Account ending in 3735 | [1] EUGENIO GARCIA JIMENEZ; [3] STEVE MINGER; |

**EXHIBIT D**

| Count | Date | Description | Defendants |
|---|---|---|---|
| 10 | April 21, 2016 | Wire transfer of $10,000.00 from MEDFS's Wells Fargo Account ending in 3735 to Joseph Kirkland's personal account ending in 8740 at Heritage Oaks Bank | [1] EUGENIO GARCIA JIMENEZ; [3] STEVE MINGER; [5] JOSEPH KIRKLAND; |
| 11 | April 27, 2016 | Wire transfer of $500,000.00 from MEDFS Wells Fargo Account ending in 3735 to [1] EUGENIO GARCIA JIMENEZ 's Banco Santander Account ending in 2627 | [1] EUGENIO GARCIA JIMENEZ; [3] STEVE MINGER |
| 12 | June 21, 2016 | Wire transfer of $2,000,000.00 from MEDFS' LPL Financial Account ending in 1083 to MEDFS's Wells Fargo Account 3735 | [1] EUGENIO GARCIA JIMENEZ; [2] STEPHEN KIRKLAND; [3] STEVE MINGER; |
| 13 | June 23, 2016 | Wire transfer of $650,000.00 from MEDFS' LPL Financial Account ending in 1083 to MEDFS's Wells Fargo Account ending in 3735 | [1] EUGENIO GARCIA JIMENEZ; [2] STEPHEN KIRKLAND; [3] STEVE MINGER; |
| 14 | June 24, 2016 | Wire Transfer of $1,800,000.00 from MEDFS's Wells Fargo Account ending in 3735 to Mayaguez's Account ending in 7266 at Banco Santander | [1] EUGENIO GARCIA JIMENEZ; [3] STEVE MINGER; |
| 15 | July 6, 2016 | Wire transfer of $500,000.00 from MEDFS' LPL Financial Account ending in 1083 to MEDFS's Wells Fargo Account ending in 3735 | [1] EUGENIO GARCIA JIMENEZ; [2] STEPHEN KIRKLAND; [3] STEVE MINGER; |
| 16 | July 18, 2016 | Wire transfer of $9,000.00 from TEGA's Well Fargo Account ending in 6938 to Imanagement's Banco Santander Account ending in 3301 | [1] EUGENIO GARCIA JIMENEZ; [3] STEVE MINGER; [ [4] ALEJANDRO RIERA FERNANDEZ; 7] ROBERTO MEJILL TELLADO; |
| 17 | July 18, 2016 | Wire transfer of $9,000.00 from TEGA's Well Fargo Account ending in 6938 to U.A. United Advisors Corp at BPPR Account ending in 5033 | [1] EUGENIO GARCIA JIMENEZ; [3] STEVE MINGER; [6] ARNALDO J. IRIZARRY IRIZARRY; [7] ROBERTO MEJILL TELLADO; |

| Count | Date | Description | Defendants |
|-------|------|-------------|------------|
| 18 | September 28, 2016 | [1] EUGENIO GARCIA JIMENEZ caused an email to be sent to Mayaguez with a false statement representing the $9,000,000.00 as still invested as of August 2016. | [1] EUGENIO GARCIA JIMENEZ |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNTS NINETEEN TO THIRTY-THREE
### (Money Laundering)
Title 18, United States Code, Sections 1957 and 2

MULTIPLE MONETARY TRANSACTIONS

40.     The allegations contained in paragraphs 1 to 39 of this Indictment are incorporated as if fully set forth herein.

41.     On or about the dates set forth below, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court, the defendants, did knowingly engage and attempt to engage in the following monetary transactions by through or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, that is the withdrawals, deposits, and transfers of U.S. currency, funds, and monetary instruments, such property having been derived from a specified unlawful activity, that is, wire fraud and conspiracy to commit wire fraud.

| Count | Defendant | Date | Monetary Transaction |
|-------|-----------|------|----------------------|
| 19 | [1] EUGENIO GARCIA JIMENEZ | April 28, 2016 | Check No. 760 for $270,000.00 from [1] EUGENIO GARCIA JIMENEZ's Santander Account ending in 2627 for the purchase of real estate |

**EXHIBIT D**

| Count | Defendant | Date | Monetary Transaction |
|---|---|---|---|
| 20 | [1] EUGENIO GARCIA JIMENEZ | May 6, 2016 | Check No. 741 for $50,000.00 related to real estate from [1] EUGENIO GARCIA JIMENEZ's Santander Account ending in 2627 |
| 21 | [1] EUGENIO GARCIA JIMENEZ | July 29, 2016 | Official Check 4341352 for $175,750.00 for the purchase of real estate |
| 22 | [1] EUGENIO GARCIA JIMENEZ | January 9, 2017 | Check Card transaction for $15,396.48 paid to Emenegildo Zegna CP NY, NY from [1] EUGENIO GARCIA JIMENEZ's BOA Account ending in 1861 |
| 23 | [1] EUGENIO GARCIA JIMENEZ | July 8, 2016 | Deposit of Check 1002 for $300,000.00 into [1] EUGENIO GARCIA JIMENEZ 's Wells Fargo Account ending 1497, to the order of Eugenio Garcia Jimenez and signed by Steve Minger from MEDFS- Wells Fargo Account 3735 |
| 24 | [2] STEPHEN KIRKLAND | April 2, 2016 | Withdrawal of $25,010.00 from MAG's Wells Fargo Account ending in 6920 |

**EXHIBIT D**

| Count | Defendant | Date | Monetary Transaction |
|---|---|---|---|
| 25 | [2] STEPHEN KIRKLAND aka Steve; [3] STEVE MINGER | July 7, 2016 | Check No. 1001 from MEDFS's Wells Fargo Account ending in 3735 for $100,000.00 to the order of Atlanta Family Restaurant and Bakery, deposited into Wells Fargo Account ending in 1486. |
| 26 | [2] STEPHEN KIRKLAND | August 18, 2016 | Withdrawal of $11,000.00 from MAG's Wells Fargo Account ending in 6920 |
| 27 | [2] STEPHEN KIRKLAND | December 27, 2016 | Withdrawal of $26,861.00 from MAG's Wells Fargo Account ending in 6920 |
| 28 | [3] STEVE MINGER | June 26, 2017 | Online transfer of $30,000.00 from Venus Mini Med Spa LLC's BOA Account ending in 4014 to Steve Minger's BOA Account ending in 6517 |
| 29 | [4] ALEJANDRO RIERA FERNANDEZ | August 3, 2016 | Check No. 5 for $24,869.00 issued from Imanagement's Banco Santander Account ending in 3301 to pay a university located in Puerto Rico |
| 30 | [6] ARNALDO IRIZARRY IRIZARRY | April 14, 2016 | Check 151 for $24,000.00 issued from U.A. United Advisors' BPPR |

| Count | Defendant | Date | Monetary Transaction |
|---|---|---|---|
| | | | Account ending in 5033 for the payoff of a vehicle |
| 31 | [7] ROBERTO MEJILL TELLADO | July 1, 2016 | Check 102 for $12,000.00 related to a pool from [7] ROBERTO MEJILL TELLADO's Wells Fargo Account ending in 1505 |
| 32 | [7] ROBERTO MEJILL TELLADO | December 12, 2016 | Check No. 134 for $400,000.00 issued from [7] ROBERTO MEJILL TELLADO's Wells Fargo Account 1505 and deposited into 7] ROBERTO MEJILL TELLADO's Home Banc Account ending in 9834 |
| 33 | [7] ROBERTO MEJILL TELLADO | April 7, 2017 | Check No. 2014 to the order of Cash for $80,000.00 issued from [7] ROBERTO MEJILL TELLADO's Home Banc Account ending in 9834 |

All in violation of Title 18, United States Code, Sections 1957 and 2.

**FORFEITURE ALLEGATION**
**Wire Fraud**

42.     The allegations contained in Counts One through Eighteen of this Indictment

are hereby realleged and incorporated by reference for the purpose of alleging forfeitures

pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

43.    Upon conviction of the offenses in violation of Title 18, United States Code, Sections 1349 and 1343 set forth in Counts One through Eighteen of this Indictment, the defendants therein charged in each count shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense(s).  The property to be forfeited includes, but is not limited to, the following: no less than $7,200,000.00 as a money judgment.

44.    If any of the property described above, as a result of any act or omission of the defendants:

      a.  cannot be located upon the exercise of due diligence;

      b.  has been transferred or sold to, or deposited with, a third party;

      c.  has been placed beyond the jurisdiction of the court;

      d.  has been substantially diminished in value; or

      e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c)., including (a) 10611 Bonne Chance Drive Orlando, FL 32832-5143; and (b) 11147 Fulton Ave. Weeki Wachee, FL 34613-4687.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

## FORFEITURE ALLEGATION
### Money Laundering

45.     The allegations contained in Counts Nineteen through Thirty-Three of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 982(a)(1).

46.     Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of an offense in violation of Title 18, United States Code, Section 1957, the defendants therein charged in each count shall forfeit to the United States of America any property, real or personal, involved in such offense, and any property traceable to such property. The property to be forfeited includes, but is not limited to, the following: no less than $7,200,000.00 as a money judgment.

47.     If any of the property described above, as a result of any act or omission of the defendants:

      a.     cannot be located upon the exercise of due diligence;

      b.     has been transferred or sold to, or deposited with, a third party;

      c.     has been placed beyond the jurisdiction of the court;

      d.     has been substantially diminished in value; or

      e.     has been commingled with other property which cannot be divided without difficulty,

**EXHIBIT D**

the United States of America shall be entitled to forfeiture of substitute property pursuant to

Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States

Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c), including (a)

10611 Bonne Chance Drive Orlando, FL 32832-5143; and (b) 11147 Fulton Ave. Weeki

Wachee, FL 34613-4687.

TRUE BILL

FOREPERSON
Date: March 22, 2021

W. STEPHEN MULDROW
United States Attorney


Seth A. Erbe
Assistant United States Attorney
Chief – Financial Fraud and
Public Corruption

Myriam Y. Fernandez-Gonzalez
Assistant United States Attorney
Chief – Asset Recovery and Money
Laundering