IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:21-CV-00154-FDW-DSC

| | |
|---|---|
| XUEJUN ZHANG,<br><br>    Plaintiff,<br><br>v.<br><br>DRAGON CAPITAL GROUP, LLC, PREMIER INVESTMENTS & FINANCIAL SERVICES GROUP, LLC, FXTRADE ZH, LP, ALEXANDER C. CHENG AND STEPHEN L. KIRKLAND,<br><br>    Defendants, | **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL ARBITRATION** |

NOW COME Defendants Dragon Capital Group, LLC ("Dragon") and FXTrade ZH, LP ("FXTrade") (together "Defendants"), by and through undersigned counsel, and submit this Memorandum of Law in Support of their Motion to Compel Arbitration.

## I. INTRODUCTION

This matter arises out of Plaintiff Xuejun Zhang's ("Zhang") loss of investments in foreign currency exchange transactions ("Forex"). On September 24, 2019, Zhang and Dragon entered into a Limited Partnership Agreement ("Partnership Agreement") to form FXTrade. (Dkt. 1, ¶ 16) The purpose of the formation of FXTrade was to invest in Forex trading through Defendant Kirkland's services. (Dkt. 1, ¶ 16) Pursuant to their partnership, Zhang and Dragon also entered into a Discretionary Investment Management Agreement ("Management Agreement"), under which Zhang agreed to contribute a certain sum of money to FXTrade's investment. (Dkt. 1, ¶ 17) The Management Agreement specified, "All controversies concerning (a) any transaction, (b) the construction, performance or breach of this Agreement, or (c) any other related matter which may arise between General Partner [Dragon] and Limited Partner [Zhang] or its agents, shall be

determined by arbitration conducted pursuant to the Federal Arbitration Act and the laws of the State of Delaware, before the American Arbitration Association." (Dkt. 1, Exhibit H, p. 5)

On April 9, 2021, Zhang filed the Complaint in this matter. In the Complaint, Zhang alleges that he lost his investment due to the fraudulent conduct of Defendants. He asserts claims of fraud, negligent misrepresentation, commodities fraud, securities fraud, civil conspiracy and breach of fiduciary duty against Defendants, all arising out of the loss of his investments. Because this action arises out of that loss, and therefore concerns transactions made under the Management Agreement, the arbitration provision of the Management Agreement is applicable to his matter. However, instead of bringing this matter before the American Arbitration Association, as the Management Agreement requires, Zhang instead brought this action in federal court. Defendants are therefore forced to bring this Motion to request that this Court enforce the terms of the Management Agreement and compel this matter into arbitration.

## II. ARGUMENT

The Fourth Circuit has held that in order to compel arbitration, the moving party must allege, "(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the [non-moving party] to arbitrate the dispute." *Whiteside v. Teltech Corp.*, 940 F.2d 99, 102 (4th Cir. 1991). Defendants have alleged each of these elements.

First, the pleadings in this matter provide clear evidence of a dispute among the parties. In the Complaint, Zhang brought six separate claims for relief against Defendants, arising out of his assertion that Defendants defrauded him of his investment. In Defendants' Answer to the

Complaint, they deny both Zhang's characterization of the underlying facts, as well as any liability under any of Zhang's claims for relief. Therefore a conflict clearly exists among the parties.

Second, Zhang alleges, and Defendants admit, that Zhang and Dragon entered into a written agreement that includes an arbitration provision. Zhang specifically alleges, "As part of the Partnership Agreement, Dragon and Zhang contemporaneously executed a Discretionary Investment Management Agreement (the "Management Agreement"). …Under Section 1 of the Management Agreement, Zhang agreed to initially invest $700,000.00 in the partnership." (Dkt. 1, ¶ 17) Zhang then attached a "true and accurate copy" of the Management Agreement to the Complaint as Exhibit H. Paragraph 18 of the Management Agreement, entitled **Arbitration**, states,

> All controversies concerning (a) any transaction, (b) the construction, performance or breach of this Agreement, or (c) any other related matter which may arise between General Partner [Dragon] and Limited Partner [Zhang] or its agents, shall be determined by arbitration conducted pursuant to the Federal Arbitration Act and the laws of the State of Delaware, before the American Arbitration Association.

(Dkt. 1, Exhibit H, p. 5) Because Zhang's claims against Defendants are alleged to arise out of his investment under the Management Agreement, the terms of the arbitration provision of that agreement clearly cover the dispute.

Third, the terms of the Management Agreement clarify the relationship of Zhang's transaction to interstate commerce. The Agreement states that the Limited Partner, Zhang, agreed to pledge $700,000.00 as its contribution to the partnership, and that the General Partner, Dragon, had the authority to manage the partnership's investments, including the authority to "purchase, sell invest, reinvest, exchange, convert and trade the loan proceeds in the Account." (Dkt. 1, Exhibit H, p. 2) The plain language of the agreement evidences the parties' desire and agreement to invest the partnership's funds, which included Zhang's contributions.

Finally, Zhang, as the non-moving party, has demonstrated an obvious failure to arbitrate the dispute, as demonstrated by the fact that he filed this suit, rather than bringing the dispute before the American Arbitration Association as required by the Management Agreement. Further, as discussed in Defendants' Motion, Zhang refused to provide his consent to this Motion. For all of these reasons, Defendants have sufficiently alleged that this matter should be compelled into arbitration.

Moreover, the Federal Arbitration Act itself requires that this action be compelled into arbitration. It states,

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C.A. § 3. In this matter, Zhang has alleged a dispute between himself and Dragon, as outlined in the Complaint. This dispute is covered by the arbitration provision contained in the Management Agreement, which was agreed-to and executed by both parties. Further, the Complaint describes the dispute as arising under federal law. (Dkt. 1, ¶¶ 68-70, 76)

### III. CONCLUSION

Therefore, for the foregoing reasons, Defendants Dragon Capital Group, LLC and FXTrade ZH, LP respectfully request that this Court grant their Motion and enter an order compelling this matter into arbitration.

This the 24th day of May, 2021.

**Gordon & Rees LLP**

By:  /s/ Allison J. Becker
     Allison J. Becker
     N.C. State Bar No.: 41993
     abecker@grsm.com
     Kendra N. Stark
     N.C. State Bar No.: 52408
     kstark@grsm.com
     421 Fayetteville Street, Suite 330
     Raleigh, North Carolina 27601
     Telephone:  984-242-1796
     Facsimile: 919-741-5840
     *Attorneys for Defendants Dragon Capital Group, LLC and FXTrade ZH, LP*

## CERTIFICATE OF COMPLIANCE WITH WORD LIMIT

The undersigned certifies that this Memorandum of Law contains fewer than 4,500 words and complies with the word limitation contained in section 3(b)(iv) of the Court's Initial Scheduling Order.

This the 24th day of May, 2021.

**Gordon & Rees LLP**

By: /s/ Allison J. Becker
Allison J. Becker

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing Motion with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record or unrepresented parties using the CM/ECF system.

This the 24th day of May, 2021.

**Gordon & Rees LLP**

By: /s/ Allison J. Becker
     Allison J. Becker