UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:21-cv-00154-FDW-DSC

| | |
|---|---|
| XUEJUN ZHANG,<br><br>    Plaintiff,<br><br>vs.<br><br>DRAGON CAPITAL GROUP, LLC, *et al.*,<br><br>    Defendants. | ORDER |

THIS MATTER is before the Court on the following motions: (1) Plaintiff Xuejun Zhang's Motion to Confirm Arbitration Award and for Entry of Judgment, (Doc. No. 55); and (2) Plaintiff's Motion for Entry of Default Judgment, (Doc. No. 57), wherein Plaintiff requests default judgment be entered against Defendants Premier Investments & Financial Services Group, LLC ("**Premier**") and Stephen L. Kirkland ("**Kirkland**"), jointly and severally, in the amount of $1,200,000.00, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiff's Motion to Confirm Arbitration Award is GRANTED and Plaintiff's Motion for Entry of Default Judgment is GRANTED IN PART AND DENIED IN PART.

## I.     BACKGROUND

On April 9, 2021, Plaintiff filed his Complaint, (Doc. No. 1), against five defendants, alleging the defendants conspired to defraud Plaintiff by inducing him to invest in a foreign exchange currency trading scheme based upon false track records of success and promises of guaranteed investment returns, resulting in a loss to Plaintiff of $1,200,000.00. Id. at 2-3, 12. The summons and Complaint were properly served on Premier on April 12, 2021, and on Kirkland on April 15, 2021. (Doc. No. 4). Premier did not respond to the Complaint, and default was entered

1

against it on June 14, 2021. (Doc. No. 32). Kirkland filed a motion to dismiss in lieu of an answer on May 4, 2021, alleging this Court lacked personal jurisdiction over him and venue was improper in this District. (Doc. No. 12). This Court denied Kirkland's motion to dismiss on November 3, 2021, finding the Court has specific personal jurisdiction over Kirkland and that venue is proper. (Doc. No. 45). Kirkland did not file an answer following the denial of his motion to dismiss, and default was entered against him on December 22, 2021. (Doc. No. 53). Plaintiff now requests default judgment on his claims against Premier and Kirkland. (Doc. No. 57).

The other three defendants, Dragon Capital Group, LLC; FX Trade ZH, LP; and Alexander C. Cheng (the "**Arbitration Defendants**"), on the other hand, moved to stay this case against the Arbitration Defendants only in favor of arbitration on May 24, 2021. (Doc. No. 20). Plaintiff did not oppose the motion to compel arbitration. (Doc. No. 25). Accordingly, this Court stayed this matter and compelled arbitration of Plaintiff's claims against the Arbitration Defendants on June 15, 2021. (Doc. No. 33). On April 14, 2022, a three-personal panel of arbitrators issued a final Award of Arbitrators, finding in favor of Plaintiff and awarding damages of $1,109,812.38, plus arbitration costs in the amount of $23,551.29, to Plaintiff against the Arbitration Defendants, jointly and severally. (See Doc. No. 55-1). Plaintiff now seeks confirmation of the final Award of Arbitrators. (Doc. No. 55).

## II. CONFIRMATION OF ARBITRATION AWARD

Section 9 of the Federal Arbitration Act (the "**FAA**") provides that any time within one year after an arbitration award is made, a party to the arbitration may apply to a federal district court for an order confirming the award. 9 U.S.C. § 9. A district court's authority to review an arbitration award "is among the narrowest known at law because to allow full scrutiny of such

2

awards would frustrate the purpose of having arbitration at all—the quick resolution of disputes and the avoidance of the expense and delay associated with litigation." Three S Del., Inc. v. Dataquick Info. Sys., Inc., 492 F.3d 520, 527 (4th Cir. 2007) (quoting Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc., 142 F.3d 188, 193 (4th Cir. 1998)). "Indeed, … in reviewing such an award, 'a district or appellate court is limited to determin[ing] whether the arbitrators did the job they were told to do—not whether they did it well, or correctly, or reasonably, but simply whether they did it.'" Id. (quoting Remmey v. PaineWebber, Inc., 32 F.3d 143, 146 (4th Cir. 1994). The court *must* confirm an arbitration award unless vacated, modified, or corrected pursuant to Section 10 or 11 of the FAA.[1] Hall Street Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576 (2008) (citing 9 U.S.C. § 9).

Finding no grounds to vacate, modify, or correct the arbitration award, the Court GRANTS Plaintiff's Motion to Confirm Arbitration Award.

### III.    DEFAULT JUDGMENT

a. Standard of Review

Rule 55 of the Federal Rules of Civil Procedure governs the award of default judgment. In relevant part, it provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and

---

[1] "Section 10 lists grounds for vacating an award, including where the award was procured by 'corruption,' 'fraud,' or 'undue means,' and where the arbitrators were 'guilty of misconduct,' or 'exceeded their powers.' Under § 11, the grounds for modifying or correcting an award include 'evident material miscalculation,' 'evident material mistake,' and 'imperfect[ions] in [a] matter of form not affecting the merits.'" Hall St. Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576 (2008).

defenses be disposed of on their merits." Colleton Preparatory Acad., Inc. v. Hoover Univ., Inc., 616 F.3d 413, 417 (4th Cir. 2010) (citations omitted). Default judgment "may be appropriate when the adversary process has been halted because of an essentially unresponsive party." SEC v. Lawbaugh, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

If a court finds that liability is established, it must then determine damages. EEOC v. Carter Behavior Health Servs., 2011 WL 5325485, at *9 (E.D.N.C. Oct 7, 2015) (citing Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780-81 (4th Cir. 2001)). The court must make an independent determination regarding damages and cannot accept as true factual allegations of damages. Id. (citing Lawbaugh, 359 F. Supp. 2d at 422). While the court may conduct an evidentiary hearing to determine damages, it is not required to do so but may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum. See EEOC v. North Am. Land Corp., 2010 WL 2723727, at *2 (W.D.N.C. July 8, 2010).

**b. Analysis**

Plaintiff seeks default judgment in the total principal amount of $1,200,000.00 for the lost investments Plaintiff made with defendants first on October 3, 2019, in the amount of $700,000.00, (Doc. No. 1, p. 8), and then on March 25, 2020, in the amount of $500,000.00, (Doc. No. 1, p. 9), plus pre- and post-judgment interest on those amounts. Plaintiff attached the alleged investment agreements to the Complaint, showing the amounts and approximate dates Plaintiff transferred his funds to defendants based upon defendants' fraudulent representations. (See Doc. No. 1-8, 9, 11). Kirkland himself signed Exhibits I and K to the Complaint on behalf of Premier. (Doc. No. 1-9, 11). Accordingly, the Court finds Plaintiff's damages are in the principal amount of $1,200,000.00.

As to prejudgment interest, however, the Court finds the record is insufficient. In his Motion, Plaintiff seeks prejudgment interest on the principal amount from the date of Plaintiff's first investment, October 3, 2019. (See Doc. No. 57, p. 3). Plaintiff provides no other argument or authority to support an award of prejudgment interest based on the entire principal amount from October 3, 2019. Instead, the Court finds the record supports prejudgment interest on the amount of $700,000.00 from October 3, 2019, and prejudgment interest on the amount of $500,000.00 from March 25, 2020. The Court, therefore, GRANTS IN PART and DENIES IN PART Plaintiff's Motion for Default Judgment.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Motion to Confirm Arbitration Award and for Entry of Judgment, (Doc. No. 55), is GRANTED. The Clerk is respectfully DIRECTED to enter judgment against Defendants Dragon Capital Group, LLC; FXTrade ZH, LP; and Alexander Cheng and in favor of Plaintiff in the amount of $1,133,363.67 as set forth in the arbitration award.

IT IS FURTHER ORDERED that Plaintiff's Motion for Default Judgment, (Doc. No. 57), is GRANTED IN PART and DENIED IN PART. Judgment is awarded to Plaintiff against defaulting defendants Kirkland and Premier, jointly and severally, in the sum of $1,200,000.00, plus prejudgment interest on the amount of $700,000.00 from October 3, 2019, and on the amount of $500,000.00 from March 25, 2020, as well as post-judgment interest at the legal rate until paid in full.

Signed: July 20, 2022

IT IS SO ORDERED.

Frank D. Whitney
United States District Judge